**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

DILLARD Y. TOLBERT,

        Petitioner,

vs.

UNITED STATES OF AMERICA,

        Respondent.

No. C 08-4031-MWB
(No. CR 06-4021-MWB)

**MEMORANDUM OPINION AND
ORDER REGARDING
PETITIONER'S § 2255 MOTION**

———————————

## TABLE OF CONTENTS

**I. INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   **A. The Criminal Proceedings** . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   **B. The § 2255 Motion** . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**II. LEGAL ANALYSIS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
   **A. Standards For Relief Pursuant To § 2255** . . . . . . . . . . . . . . . . . . . . . 6
   **B. Preliminary Matters** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
      **1. Need for an evidentiary hearing** . . . . . . . . . . . . . . . . . . . . 9
      **2. Procedural default** . . . . . . . . . . . . . . . . . . . . . . . . . . 9
   **C. Ineffective Assistance Of Counsel** . . . . . . . . . . . . . . . . . . . . . 10
      **1. Applicable Standards** . . . . . . . . . . . . . . . . . . . . . . . . . 10
      **2. Failure to appeal the ruling on the motion to suppress** . . . . . 12
         **a. Arguments of the parties** . . . . . . . . . . . . . . . . . . 12
         **b. Analysis** . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
      **3. Failure to object to an all-white jury** . . . . . . . . . . . . . . . 15
         **a. Arguments of the parties** . . . . . . . . . . . . . . . . . . 15
         **b. Analysis** . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
      **4. Failure to call the confidential informant as a witness** . . . . . 17
         **a. Arguments of the parties** . . . . . . . . . . . . . . . . . . 17
         **b. Analysis** . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

        **5.    *Failure to engage in a meaningful appellate process*** . . . . . .  19
               ***a.    Arguments of the parties*** . . . . . . . . . . . . . . . . . . .  19
               ***b.    Analysis*** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19
        **D.  *Certificate Of Appealability*** . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20

**III.  *CONCLUSION*** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  21

This matter comes before the court pursuant to petitioner Dillard Yvone Tolbert's May 1, 2008, *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Correct Sentence By A Person In Federal Custody (§ 2255 Motion) (docket no. 1). As claims for relief, Tolbert asserts ineffective assistance of counsel in various respects and violation of his Sixth Amendment right to face his accusers. The respondent contends that Tolbert is not entitled to relief on any of the grounds that he raises.

## I.  INTRODUCTION

### A.  The Criminal Proceedings

Petitioner Dillard Yvone Tolbert was the sole defendant in a one-count Indictment (CR 06-4021, docket no. 2) handed down March 21, 2006. The Indictment charged that, on or about March 5, 2006, Tolbert knowingly and unlawfully possessed with intent to distribute 50 grams or more of cocaine base, which is commonly called "crack cocaine," in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The record reveals that the charge arose from Tolbert's arrest after police received a tip from a confidential informant that a person carrying a large amount of crack cocaine would be coming to Sioux City from Kansas City, Kansas, by bus and would be picked up at the bus station by a person

named John Retland who would be driving a particular vehicle. Law enforcement officers had received tips from the confidential informant in question before and had found the informant to be reliable. Tolbert did arrive on the bus from Kansas City and was met by Retland and another man in the vehicle described by the confidential informant. Law enforcement officers stopped the vehicle for a traffic violation, arrested the driver for driving while his license was suspended, the other man in the vehicle for littering, and began a search of the vehicle and the other passenger, Tolbert. They found approximately 66 grams of crack cocaine in the pocket of Tolbert's coat and a bus ticket in his luggage. In a post-*Miranda* interview, Tolbert admitted to law enforcement officers that he had traveled from Kansas City to Sioux City by bus to sell the crack cocaine found in his pocket, that he had purchased the crack cocaine in Kansas City for $1,300, that he expected to sell the crack cocaine in Sioux City for about $5,000, that this was the first time that he had been to Sioux City, but he had heard that a person could make a lot of money selling crack cocaine there, and that he was trying to make some money quickly. Tolbert pleaded not guilty to the charge against him at his arraignment on March 31, 2006. CR 06-4021, docket no. 7.

Tolbert was initially represented by an attorney from the Federal Defender's Office. In the course of an abortive plea hearing on May 23, 2006, however, Tolbert requested that the Federal Defender's Office withdraw and that a CJA panel attorney be appointed. *See* CR 06-4021, docket no. 12. A panel attorney was promptly appointed, but she just as promptly moved to withdraw on June 10, 2006, after a review of the file, on the basis of a conflict of interest. CR 06-4021, docket no. 14. A second panel attorney was then appointed to represent Tolbert, *see* CR 06-4021, docket no. 16, but he, too, was allowed to withdraw on October 4, 2006, at Tolbert's request, just before another plea hearing was to take place on October 5, 2006. *See* CR 06-4021, docket nos. 30 (*pro se* motion for new

attorney), 31 (order granting motion for new attorney), 33 (order continuing plea hearing from October 5, 2006, to October 26, 2006). Another panel attorney, the one whose conduct is at issue in Tolbert's § 2255 Motion, was appointed to represent Tolbert.

Tolbert's new counsel requested that Tolbert's case be placed back on the trial calendar. *See* CR 06-4021, docket nos. 34 (appearance of new counsel), 36 (order resetting the case for trial). He then filed a Motion To Suppress (docket no. 39) on October 27, 2006, seeking to exclude the evidence seized in connection with Tolbert's arrest and any statements that he subsequently made to law enforcement officers. That motion was partially successful, in that the court suppressed any statements that Tolbert made, or his failure to respond to questions put to him by law enforcement officers, at the scene of the traffic stop regarding the contents of his pocket, but the court denied the motion as to Tolbert's post-*Miranda* statements. *See* Order Concerning Magistrate's Report and Recommendation Regarding Defendant's Motion To Suppress (CR 06-4021, docket no. 49).

Tolbert's criminal case proceeded to jury trial on January 2, 2007, and the jury returned a verdict on January 3, 2007, finding Tolbert guilty of the charged offense of possession with intent to distribute crack cocaine and finding, further, that the quantity of crack cocaine involved in the offense for which Tolbert could be held responsible was 63.34 grams. *See* Verdict Form (CR 06-4021, docket no. 63). In a Sentencing Memorandum (CR 06-4021, docket no. 74) and at Tolbert's sentencing hearing on May 2, 2007, Tolbert's counsel argued that the court should decline to find that Tolbert's prior conviction for auto theft in Kansas was a prior violent felony and decline to impose a career offender enhancement on the basis of that prior conviction, as recommended by the Pre-Sentence Investigation Report (PSIR) (docket no. 77). At the sentencing hearing on May 2, 2007, the court rejected application of the career offender guideline, finding that

the prosecution had failed to prove, under a categorical approach, that Tolbert's prior conviction for auto theft was a predicate violent felony for such an enhancement, and imposed a sentence of 168 months, rather than a sentence of 360 months to life, as calculated in the PSIR with the career offender enhancement. *See* CR 06-4021, docket no. 75 (hearing minutes). Judgment (CR 06-4021, docket no. 76) entered accordingly on May 7, 2007.[1]

Neither party appealed Tolbert's sentence or conviction.

## B. The § 2255 Motion

Tolbert filed his *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (§ 2255 Motion) (docket no. 1) on May 1, 2008. In his § 2255 Motion, Tolbert asserted, as Ground One for relief, "Ineffective Assistance of Counsel," and as Ground Two, "Violation of the Sixth Amendment's Right to face Accussers [sic]," representing that the supporting facts would be presented in a "fourthcoming [sic] memorandum of law in support." The court set a schedule for the filing of Tolbert's brief, the respondent's response, and any reply. Order (docket no. 4).

Tolbert filed his Memorandum Of Law Brief In Support Of § 2255 (docket no. 5) on July 7, 2008, identifying his claims somewhat more specifically as ineffective assistance of counsel in the following respects: (1) failing to appeal the ruling on the motion to suppress; (2) failing to object to the empaneling of an all-white jury; (3) failing to call the confidential informant to testify at trial; and (4) "failing in engaging in a meaningful appellate process," which the court takes to mean either failing to consult with Tolbert

---

[1] On November 24, 2008, pursuant to 18 U.S.C. § 3582(c)(2), Tolbert's sentence for a crack cocaine offense was reduced to 121 months. CR 06-4021, docket no. 82).

about an appeal, or failing to file an appeal, or both. As the court reads Tolbert's brief, his claim of violation of his Sixth Amendment right to confront his accusers in "Ground Two" of his § 2255 Motion is now subsumed in his claim of ineffective assistance of counsel in failing to call the confidential informant to testify at trial. The respondent filed a Court Ordered Response To Petitioner's Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To 28 U.S.C. § 2255 (docket no. 8) on August 29, 2008. Tolbert did not file a reply in further support of his § 2255 Motion.

## II. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

Turning to the legal analysis of Tolbert's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate

a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*)

On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire

trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, the court turns to analysis of Tolbert's claims for § 2255 relief.

### B. Preliminary Matters

### 1.      Need for an evidentiary hearing

Tolbert has not expressly requested an evidentiary hearing on his § 2255 Motion, but the court will nevertheless consider whether he is entitled to one. "A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted); *see* 28 U.S.C. §2255. In this case, the court concludes that no evidentiary hearing is required on any issue, because the record conclusively shows that Tolbert's allegations either cannot be accepted as true, because they are contradicted by the record, or that, even if his allegations were accepted as true, they would not entitle him to relief.

### 2.      Procedural default

The respondent asserts that at least some of Tolbert's claims are procedurally defaulted, because they were not raised on direct appeal. The court concludes, however, that the claims presented are not procedurally defaulted, because all are cast as ineffective assistance of counsel claims. The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Therefore, the court will consider Tolbert's claims on the merits.

### C. Ineffective Assistance Of Counsel

#### 1. Applicable Standards

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). As noted above, in the discussion of procedural default, the Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See Hughes*, 330 F.3d at 1069 ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings.").

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877

(8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)).

### 2. *Failure to appeal the ruling on the motion to suppress*

Tolbert's first claim for § 2255 relief is that his counsel provided ineffective assistance by failing to appeal the ruling on the motion to suppress. As noted above, the court granted in part and denied in part Tolbert's motion to suppress, in that the court suppressed any statements that Tolbert made, or his failure to respond to questions put to him by law enforcement officers, at the scene of the traffic stop regarding the contents of his pocket, but the court denied the motion as to Tolbert's post-*Miranda* statements. *See* Order Concerning Magistrate's Report and Recommendation Regarding Defendant's Motion To Suppress (CR 06-4021, docket no. 49).

### a. *Arguments of the parties*

Tolbert argues that his counsel performed deficiently in failing to appeal the ruling on the suppression motion, because he had neither investigated nor made a reasonable decision not to investigate the prosecution's case as it related to the suppression ruling. Tolbert also argues that he advised counsel from the outset that he intended to pursue vigorously all defensive strategies at trial and in the appeal process. He appears to assert

that he was prejudiced by counsel's deficient performance, because the ruling on the motion to suppress was not challenged and some of the evidence addressed in that motion was admitted at trial to his detriment.

The respondent argues that Tolbert's counsel's affidavit shows that, after the court denied in part the motion to suppress, the decision was made not to appeal the ruling, because counsel could not determine a viable legal ground on which to appeal that order. The respondent points out that there is no record that Tolbert ever requested an appeal after the partially successful motion to suppress, nor any evidence that his counsel's assessment of the lack of appealable issues was wrong.

### b. Analysis

"Counsel's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for purposes of section 2255." *Estes v. United States,* 883 F.2d 645, 648 (8th Cir. 1989); *see also Keys v. United States*, 545 F.3d 644, 647 (8th Cir. 2008) (once counsel consults with a defendant about his right to appeal, his subsequent performance is professionally unreasonable only if he fails to follow the defendant's express instructions with respect to an appeal). Such a failure is considered to be prejudicial per se, so that the defendant is not required to show that a direct appeal would have been successful or even to suggest what issues may have been presented on appeal. *See Holloway v. United States,* 960 F.2d 1348, 1357 (8th Cir. 1992). On the other hand, as the Eighth Circuit Court of Appeals has also explained, "'[a] bare assertion by the [movant] that [he] made a request is not by itself sufficient to support a grant of relief [under § 2255], if evidence that the fact-finder finds to be more credible indicates the contrary proposition.'" *Green v. United States,* 323 F.3d 1100, 1103 (8th Cir. 2003) (quoting *Barger,* 204 F.3d at 1182). Here, Tolbert does not allege, and nothing else in the record suggests, that he ever specifically instructed his counsel to appeal the ruling on the

motion to suppress. Even if Tolbert did indicate to counsel, as a general matter, that he intended to pursue vigorously all defensive strategies at trial and in the appeal process, that indication falls far short of a specific instruction to appeal a particular ruling. Thus, Tolbert has not even presented a "bare assertion" that he made a request that triggered counsel's obligation to file an appeal. *Id.*

Although counsel also has a duty to consult with a defendant about whether or not to appeal, counsel fulfilled that duty if he advised the defendant of the advantages and disadvantages of appealing and made a reasonable effort to determine his wishes. *Keys*, 545 F.3d at 647. Furthermore, if a defendant did not instruct counsel to file an appeal, and counsel did not consult with the defendant about his right to appeal, the question is whether the failure to consult was unreasonable. *Parsons v. United States*, 505 F.3d 797, 798 (8th Cir. 2007). Factors that are relevant to whether failure to consult about an appeal was reasonable include whether the defendant pleaded guilty, received the sentence bargained for, and expressly waived some or all of his appeal rights. *Id.* at 799-800. Here, counsel's affidavit indicates that, after the ruling on the motion to suppress was made, a decision was made, apparently by counsel in consultation with Tolbert, not to appeal that ruling, because counsel could not determine any viable legal grounds on which to appeal the decision. Thus, there was no unreasonable failure to consult as to an appeal of the partial denial of the motion to suppress.

Although Tolbert contends that counsel's failure to appeal the ruling on the motion to suppress was the result of inadequate investigation, the court also cannot find that, in the absence of a specific request to file an appeal, counsel's determination that there were no appealable issues was deficient or that counsel made an inadequate investigation of the issues that Tolbert now wishes he had appealed. The Eighth Circuit Court of Appeals has explained that "failing to . . . discover mitigating evidence may be a basis for finding

counsel ineffective within the meaning of the Sixth Amendment right to counsel." *United States v. Vazquez-Garcia,* 211 Fed. Appx. 544, 546 (8th Cir. 2007) (quoting *Kramer v. Kemna,* 21 F.3d 305, 309 (8th Cir. 1994)). However, the defendant "still needs to 'make a substantial showing that, but for counsel's failure [to investigate], there is a reasonable probability that the result of his trial would have been different.'" *Id.* (quoting *Kramer,* 21 F.3d at 309). Tolbert has not made the necessary showing. Counsel's affidavit indicates that he thoroughly reviewed the prosecution's evidence, filed a motion to suppress, and could not find an appealable issue in the ruling partially denying the motion to suppress. Certainly, Tolbert has not identified what part of the ruling on the motion to suppress should have been challenged on the basis of further investigation or what the further investigation would have revealed. *See, e.g., Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001) (the defendant failed to identify who would have been called as a witness or what their testimony would have been); *United States v. DePuew*, 889 F.2d 791, 793 (8th Cir. 1989) (general arguments concerning suppression of evidence are insufficient to establish with any specificity the deficient performance of counsel required by *Strickland*). Under these circumstances, counsel's well-informed decision not to file an appeal even without his client's direction was a virtually unchallengeable strategic decision. *Rice*, 449 F.3d at 897 ("'Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" (quoting *Strickland*, 466 U.S. at 690)).

Tolbert is not entitled to relief on this claim.

### 3. *Failure to object to an all-white jury*

#### a. *Arguments of the parties*

Next, Tolbert asserts that his counsel was ineffective for failing to object to the empaneling of an all-white jury or to the prosecution's use of peremptory challenges to

strike black jurors from the jury venire in violation of his Fifth, Sixth, and Fourteenth Amendment rights. The prosecution argues that Tolbert waived his opportunity to argue discrimination in the jury selection process by not raising the issue on direct appeal. Moreover, the prosecution points out that Tolbert's counsel indicates that he was aware of the demographics of jury panel participants in this district and did not raise any objection to an all-white jury because there was no basis for such an objection.

### b. Analysis

Tolbert has failed to establish either deficient performance or prejudice on this claim of ineffective assistance of counsel. *See Ledezma-Rodriguez*, 423 F.3d at 836 (an ineffective assistance of counsel claim requires proof of both deficient performance and prejudice); *Davis*, 423 F.3d at 877 (same). First, Tolbert has failed to show that there was any basis for counsel to object to the composition of the jury, beyond the fact that the jurors were all white, and he is African-American. However, counsel, like the undersigned, was aware of the rarity with which any potential African-American jurors even appear in the jury pool in the Western Division of the Northern District of Iowa. Specifically, in his affidavit, counsel notes that it is his understanding that less than 2% of the population of Sioux City and the surrounding area is comprised of persons of African descent. Counsel also notes in his affidavit that he does not recall whether there were any African-Americans in the jury pool. Tolbert has failed to show that there was any basis for a *Batson* challenge by counsel, when there is no showing that there were any African-American jurors in the pool or any basis to believe that the prosecution used peremptory challenges to remove African-American jurors. Thus, counsel did not perform deficiently in failing to challenge the all-white jury in this case.

Moreover, the Eighth Circuit Court of Appeals has held that a failure to lodge a *Batson* challenge is not presumptively prejudicial. *See Young v. Bowersox*, 161 F.3d

1159, 1160-61 (8th Cir. 1998). Rather, the petitioner must still show that there is a reasonable probability that the results of the proceedings would have been different if his counsel had asserted a *Batson* challenge. *Id.* A petitioner cannot make the required showing, where the evidence of his guilt was overwhelming. *Reed v. Norris*, 195 F.3d 1004, 1006 (8th Cir. 1999). Here, Tolbert cannot make the required showing, because of the overwhelming evidence against him, including his post-*Miranda* admission that he possessed the crack cocaine found in his coat pocket for purposes of selling it in Sioux City, Iowa.

Tolbert is not entitled to relief on this claim.

### 4.    *Failure to call the confidential informant as a witness*

#### a.    *Arguments of the parties*

Tolbert next argues that his counsel was ineffective in failing to call the confidential informant to testify at trial. Tolbert argues that his counsel never conducted a reasonable pretrial investigation to ascertain what the confidential informant's testimony would be and never attempted to secure the presence of the confidential informant at trial. Thus, he contends that he was deprived of his opportunity to confront the confidential informant at trial. He argues that counsel's failure to determine who the confidential informant was and what his statements were rendered the results of the proceedings fundamentally unfair.

The respondent counters that counsel's determination not to call a particular witness is a strategic one that is presumed to be correct unless clearly shown to be otherwise. The respondent also argues that counsel is not required to interview every possible witness in order to perform proficiently. Here, the respondent argues that Tolbert's counsel's affidavit shows that counsel reviewed the discovery file and then discussed the evidence and what witnesses were required with Tolbert. The respondent also argues that counsel's affidavit shows that he noted that the only reference to the confidential informant was a

reference to the informant's tip as the basis for surveillance of the bus station, which led to the observation of the defendant and seizure of evidence from him. The prosecution argues that Tolbert's counsel reasonably concluded that there was no reason for calling the confidential informant as a witness at trial. The respondent also argues that Tolbert cannot show prejudice, where he offers no indication of what examination of the confidential informant would have revealed.

### b.  Analysis

Tolbert cannot show that counsel's decision not to call the confidential informant as a witness was itself deficient or prejudicial or that the decision was based on an inadequate investigation. Tolbert "needs to 'make a substantial showing that, but for counsel's failure [to investigate or to call a witness], there is a reasonable probability that the result of his trial would have been different.'" *Vazquez-Garcia,* 211 Fed. Appx. at 546 (quoting *Kramer,* 21 F.3d at 309). Tolbert has not identified what would have been gained from further investigation of the confidential informant or what the confidential informant's testimony would have revealed. *See, e.g., Saunders*, 236 F.3d at 952 (the defendant failed to identify who would have been called as a witness or what their testimony would have been); *DePuew*, 889 F.2d at 793 (8th Cir. 1989) (general arguments concerning suppression of evidence are insufficient to establish with any specificity the deficient performance of counsel required by *Strickland*). The record shows that counsel reviewed the discovery file and reasonably concluded that calling the confidential informant would not have been of any benefit to Tolbert's case. Under these circumstances, counsel's well-informed decision not to call the confidential informant was an unchallengeable strategic decision. *Rice*, 449 F.3d at 897 ("'Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" (quoting *Strickland*, 466 U.S. at 690)).

Tolbert is not entitled to relief on this claim.

### 5. *Failure to engage in a meaningful appellate process*

#### a. *Arguments of the parties*

Tolbert's final claim is that his counsel provided ineffective assistance by "failing in engaging in a meaningful appellate process," which the court takes to mean either failing to consult with Tolbert about an appeal, or failing to file an appeal, or both. Tolbert does not make any explicit argument in support of this claim, however. The prosecution asserts that the successful arguments asserted by Tolbert's counsel at sentencing, which reduced Tolbert's sentence by more than half from the sentence calculated in the PSIR, coupled with Tolbert's statement that he was satisfied with his counsel and the lack of any record of any request that counsel file an appeal, all demonstrate that there is no evidence to support an ineffective assistance claim based on failure to appeal.

#### b. *Analysis*

As with Tolbert's claim that his counsel was ineffective for failing to appeal the partial denial of his motion to suppress, the court finds that Tolbert's claim that counsel was ineffective for failing to file an appeal after sentencing founders on lack of any record, or even any "bare assertion," that Tolbert instructed his counsel to appeal that would have triggered counsel's obligation to file an appeal. *See Green*, 323 F.3d at 1103. Nor can the court find that counsel failed to fulfill his duty to consult with Tolbert about an appeal. *See Keys*, 545 F.3d at 647. Tolbert's counsel's billing records, attached to his affidavit filed in Tolbert's § 2255 case, indicate that, on May 2, 2007, just after the sentencing hearing, counsel conferred with the prosecutor regarding the likelihood of an appeal by the prosecution and then conferred with his client to explain what had occurred, a possible appeal, and his client's appeal rights, then reviewed the file again to make sure it was

complete given what he believed was an almost certainty that the case would be appealed by the prosecution. *See* C 08-4031, docket no. 8-2. Yet, nowhere is there any indication that Tolbert requested that his counsel file an appeal, whether or not the prosecution filed its anticipated appeal. Therefore, counsel did not perform deficiently by failing to file an appeal or to consult about an appeal, as required to prove this ineffective assistance of counsel claim. *Ledezma-Rodriguez*, 423 F.3d at 836 (an ineffective assistance of counsel claim requires proof of deficient performance by counsel); *see also Strickland*, 466 U.S. at 687.

Tolbert is not entitled to relief on this claim.

### D. Certificate Of Appealability

Denial of Tolbert's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998);

*Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Tolbert has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Tolbert's claims to be debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Tolbert does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

## III. CONCLUSION

Upon the foregoing, petitioner Dillard Yvone Tolbert's May 1, 2008, *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Correct Sentence By A Person In Federal Custody (§ 2255 Motion) (docket no. 1) is **denied in its entirety**. This matter

is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 21st day of September, 2009.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA